**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| FIRSTENERGY CORP., <br>    76 S. Main St. <br>    Akron, Ohio 44308 <br><br> and <br><br> CLEARSULTING LLC, <br>    2012 West 25th Street, Suite 512 <br>    Cleveland, Ohio 44113 <br><br>             PLAINTIFFS, <br> vs. <br><br> MICHAEL PIRCIO, <br>    340 Sylvia Dr., <br>    Chardon, Ohio 44024 <br><br>             DEFENDANT. | CASE NO.: CASENUMBER <br><br> JUDGE: JUDGENAME <br><br><br> **COMPLAINT FOR TEMPORARY RESTRAINING ORDER, INJUNCTIVE RELIEF, DECLARATORY JUDGMENT, AND DAMAGES** <br><br><br><br> (JURY DEMAND ENDORSED HEREON) |

Plaintiffs FirstEnergy Corp. ("FirstEnergy") and Clearsulting LLC ("Clearsulting"), by and through their undersigned counsel, as and for their Complaint against Defendant Michael Pircio ("Defendant" or "Pircio"), allege as follows:

**INTRODUCTION**

1. Defendant was an employee of Clearsulting for a very brief period. Clearsulting hired him on or about February 28, 2020, with employment commencing March 16, 2020; and his employment was terminated on July 30, 2020.

2. As part of his employment duties for Clearsulting, Pircio assisted with ongoing projects for Clearsulting's client, FirstEnergy. Specifically, he participated in Clearsulting's audit and validation of certain FirstEnergy processes and procedures for Sarbanes-Oxley compliance.

3. On July 30, 2020, after Clearsulting terminated Defendant's employment, Pircio unlawfully accessed Clearsulting's computer without authorization and downloaded FirstEnergy's proprietary and confidential information, including its internal control processes, payment procedures, and sensitive employee and vendor information used in interstate commerce. Pircio has refused Clearsulting's demand to return the stolen information.

4. To prevent irreparable harm from any further disclosure of FirstEnergy's proprietary and confidential information and to redress his unlawful conduct, Plaintiffs bring this action against Pircio for injunctive relief and damages under the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*, the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1832 *et seq.*, and Ohio law.

## PARTIES

5. Plaintiff FirstEnergy is a publicly-traded Ohio corporation with its principal place of business at 76 S. Main St., Akron, Ohio 44308. FirstEnergy's affiliates include ten regulated distribution companies that provide electricity service to six million customers in the Midwest and Mid-Atlantic regions. To ensure compliance with its obligations under the Sarbanes-Oxley Act, FirstEnergy has adopted extensive internal accounting controls and, for the past year, contracted with Clearsulting to assist FirstEnergy's Internal Auditing Department in independently testing and validating the sufficiency of certain controls.

6. Plaintiff Clearsulting is an Ohio limited liability company with its principal place of business at 2012 West 25th Street, Suite 512, Cleveland, Ohio 44113. Clearsulting is a management consulting firm in areas such as financial systems and controls.

7. Defendant Michael Pircio is an individual who resides at 340 Sylvia Dr., Chardon, Ohio 44024.

2

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs allege multiple causes of action against Defendant arising under federal law.

9. The Court has supplemental jurisdiction over Plaintiffs' state and common law claims against Defendant under 28 U.S.C. § 1367(a).

10. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(a)(2) and (3) because a substantial amount of the activity giving rise to this matter took part in this District and because this is a venue in which Defendant is subject to personal jurisdiction.

## FACTUAL BACKGROUND

11. Since approximately June 2019, Clearsulting has provided consulting services to FirstEnergy pursuant to Plaintiffs' contract as modified from time to time.

12. As part of its consulting work for FirstEnergy, Clearsulting utilized design assessments, which detailed FirstEnergy's existing processes in four areas relevant to the Sarbanes-Oxley Act: Accounts Payable, Cash Management, Payroll, and Tax. Additionally, Clearsulting assisted FirstEnergy's testing of whether the Sarbanes-Oxley Act controls in place within those four areas performed as designed.

13. Because Clearsulting needed access to FirstEnergy's proprietary and confidential information to perform its consulting work, FirstEnergy took substantial precautions to prevent the unauthorized use or disclosure of all such information. For example, FirstEnergy's contract with Clearsulting, *inter alia*, required Clearsulting to maintain the confidentiality of all such information; prohibited the copying of FirstEnergy's information by Clearsulting employees without FirstEnergy's prior written approval; and required Clearsulting to protect against any unauthorized access to or use of FirstEnergy's information.

14. Likewise, Clearsulting took precautions to protect the security and secrecy of FirstEnergy's proprietary and confidential information. Among other measures, Clearsulting required its employees, including Defendant, to sign employment agreements in which they reaffirmed the confidentiality of FirstEnergy's information and agreed to access it only as was reasonably necessary to perform the employee's job functions.

15. Additionally, Clearsulting stores FirstEnergy's confidential information on the Plaintiffs' ShareFile site, which is highly confidential and password protected. Clearsulting does not permit non-employees to access the password-protected ShareFile site and Clearsulting does not allow non-employees to access its computers.

16. Defendant's employment with Clearsulting began on March 16, 2020 and ended on July 30, 2020.

17. Defendant had the job title "2 Senior Analyst" while employed by Clearsulting. He was responsible for preparing information technology ("IT") design assessment documents and conducting testing on IT controls at FirstEnergy. He was not at any time assigned work that related to the proprietary and confidential information he unlawfully downloaded.

18. On or about February 28, 2020, Defendant entered into an employment agreement with Clearsulting (the "Employment Agreement") (attached hereto as **Exhibit 1**).

19. The Employment Agreement includes confidentiality and nondisclosure covenants. Specifically, the Employment Agreement provides in pertinent part:

> Employee shall not, at any time, either during or subsequent to their employment with Clearsulting, directly or indirectly, appropriate, disclose, or divulge any Confidential Information to any person not then employed by Clearsulting.

(Employment Agreement § 2.1.3.)

20. The Employment Agreement further provides that "Confidential Information shall include all proprietary and confidential information received from any client or prospective client of Clearsulting." (Employment Agreement § 2.1.1.)

21. The Employment Agreement further specified that Defendant

> shall (i) intentionally access only such Confidential Information as is reasonably necessary to perform Employees job functions; and (ii) allow access to Confidential Information under Employee's control only to those co-employees whose job duties and responsibilities reasonably necessitate access to such Confidential Information.

(Employment Agreement § 2.1.2.)

22. Moreover, the Employment Agreement is clear that "[a]ll Confidential Information provided to the employee … [is] the exclusive property of Clearsulting and shall be returned immediately to Clearsulting upon termination of Employee's employment or upon Clearsulting's request at any time."  (Employment Agreement § 2.1.4.)

23. Importantly, the Employment Agreement itself contains Defendant's acknowledgement that breach of the Employment Agreement will result in irreparable harm and further provides for injunctive relief in the event of breach by Defendant:

> Employee acknowledges a breach of their obligations under this Agreement will result in great, irreparable, and continuing harm and damage to Clearsulting for which there is no adequate remedy at law.
>
> \*   \*   \*
>
> Employee agrees that in the event Employee breaches this Agreement, Clearsulting shall be entitled to seek, from any court of competent jurisdiction, preliminary and permanent injunctive relief to enforce the terms of this Agreement, in addition to any and all monetary damages allowed by law.

(Employment Agreement §§ 2.4.2–3.)

24. On July 30, 2020, Clearsulting terminated Defendant's employment, both verbally and in writing.

25. At no time after Clearsulting terminated Defendant's employment did Defendant have permission to access FirstEnergy's proprietary and confidential information.

26. Immediately after Clearsulting terminated his employment, Defendant unlawfully accessed Clearsulting's computer, without authorization, and downloaded FirstEnergy's proprietary and confidential information, including but not limited to internal control processes, payment procedures, and sensitive employee and vendor financial information used in interstate commerce.

27. The proprietary and confidential information downloaded by Defendant includes several work papers that Clearsulting prepared to test FirstEnergy's controls. The work papers, which compile extensive documents and evidence provided by FirstEnergy to Clearsulting, describe the tests Clearsulting performed as well as Clearsulting's conclusion on the controls' operating effectiveness. In each case, Clearsulting's work papers validated that FirstEnergy's controls were functioning as designed and were effective to achieve Sarbanes-Oxley compliance.

28. Clearsulting has invested time and money, including to obtain the services of a third-party computer forensic investigator, to examine the extent of Defendant's unauthorized accessing of Clearsulting's computers. Its ongoing investigation has thus far concluded that, on July 30, 2020, after his employment was terminated, Defendant knowingly and improperly downloaded, from a Clearsulting file storage site, fifty-seven (57) unique files containing, among other things, FirstEnergy's internal control processes, payment procedures, and sensitive employee and vendor information used in interstate commerce.

29. On or about August 20, 2020, Clearsulting notified Defendant of its ongoing investigation, demanded that he contact Clearsulting, and further demanded that he delete any confidential client information or data in his possession or control. (*See* e-mail to Michael Pircio dated August 20, 2020, attached hereto as **Exhibit 2**.)

30. To date, Defendant has refused to comply with these requests. His attorney responded in a letter asserting that Pircio's conduct did not violate federal law. (*See* Letter from Vince McKnight to Jessica Hardy dated August 21, 2020, attached hereto as **Exhibit 3**.)

31. Promptly after Clearsulting discovered that Defendant had taken proprietary and confidential information belonging to FirstEnergy, Clearsulting communicated the findings of its ongoing investigation to FirstEnergy.

32. FirstEnergy launched an investigation into the offense. As part of its ongoing investigation, FirstEnergy contacted Defendant's counsel to request the return of FirstEnergy's proprietary and confidential information, and to discover the basis for Defendant's assertion that he was not liable for misappropriation of FirstEnergy's trade secrets. However, Defendant's counsel declined to provide any information whatsoever.

33. Defendant refuses to return the stolen proprietary and confidential information to Plaintiff.

34. To date, Plaintiffs have incurred costs of more than five thousand dollars each to investigate the offense, assess the damage, and respond to Defendant's unauthorized access and download of FirstEnergy's proprietary and confidential information.

## COUNT I:
## BREACH OF CONTRACT
(By Plaintiff Clearsulting LLC)

35. Plaintiff Clearsulting hereby re-alleges and incorporates by reference each of the above Paragraphs of this Complaint as if fully set forth herein.

36. Defendant breached the confidentiality covenant in the Employment Agreement by accessing, downloading, and taking FirstEnergy's proprietary and confidential information from Clearsulting's computer systems, without authority, after Clearsulting terminated his employment.

37. Defendant's conduct has caused and will continue to cause Clearsulting irreparable harm that cannot be remedied by an award of money damages.

38. Clearsulting is entitled to an order restraining and enjoining Defendant from violating the confidentiality covenant.

39. Clearsulting is entitled to injunctive relief to enforce the terms of the Employment Agreement.

40. Clearsulting has been damaged and will continue to be damaged by Defendant's breach of the confidentiality covenant in an amount to be determined at trial.

## COUNT II:
## 18 U.S.C. §§ 1030(a)(2)(C) AND 1030(a)(5)(C):
## VIOLATIONS OF THE FEDERAL COMPUTER FRAUD AND ABUSE ACT
(By Plaintiffs FirstEnergy Corp. and Clearsulting LLC)

41. Plaintiffs hereby re-allege and incorporate by reference each of the above Paragraphs of this Complaint as if fully set forth herein.

42. Clearsulting owns and maintains one more "protected computers" as the term is defined in the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(e)(2)(B).

43. Defendant knowingly, and without authorization or in excess of authorization, obtained information by intentionally accessing Plaintiff Clearsulting's protected computers and the password protected ShareFile site, after his termination, and caused damage and loss, in violation of 18 U.SC. §§1030(a)(2)(C) and 1030(a)(5)(C).

44. Defendant obtained valuable information without Clearsulting and FirstEnergy's knowledge, authorization, or consent.

45. Clearsulting and FirstEnergy are entitled to an order restraining and enjoining Defendant from further copying or sharing the valuable information he accessed and obtained in violation of the Computer Fraud and Abuse Act.

46. Clearsulting and FirstEnergy are entitled to injunctive relief to retrieve from Defendant the valuable information he accessed and obtained in violation of the Computer Fraud and Abuse Act.

47. The losses suffered by Plaintiffs as a result of the cost of responding to Defendant's offense and conducting a damage assessment aggregate to at least $5,000 for each Plaintiff in the year proceeding this filing.

## COUNT III:
## OHIO REVISED CODE § 2307.60(A)(1)
## CIVIL RECOVERY FOR CRIMINAL ACT
(By Plaintiffs FirstEnergy Corp. and Clearsulting LLC)

48. Plaintiff FirstEnergy hereby re-alleges and incorporates by reference each of the above Paragraphs of this Complaint as if fully set forth herein.

49. Defendant downloaded and took copies of FirstEnergy's proprietary and confidential information from Clearsulting's computer systems after Clearsulting terminated him.

50. Defendant thus knowingly accessed Clearsulting's computers, computer systems, and computer networks without the consent of Clearsulting, in violation of O.R.C. § 2913.04(B) in addition to the Computer Fraud and Abuse Act.

51. Defendant's unlawful actions caused injury to Plaintiffs, including the loss of valuable proprietary and confidential information, the cost of responding to the offense and

9

conducting a damage assessment, in addition to other consequential damages in an amount to be determined at trial.

52. Under O.R.C. § 2307.60 Plaintiffs are entitled to attorneys' fees and costs, as well as punitive and exemplary damages in amounts to be determined at trial.

### COUNT IV:
### MISAPPROPRIATION OF TRADE SECRETS
### UNDER 18 U.S.C. § 1836 (DEFEND TRADE SECRETS ACT)
(By Plaintiff FirstEnergy Corp.)

53. Plaintiff FirstEnergy hereby re-alleges and incorporates by reference each of the above Paragraphs of this Complaint as if fully set forth herein.

54. At all times, Defendant understood that FirstEnergy's proprietary and confidential information was the property of FirstEnergy.

55. FirstEnergy's proprietary and confidential information taken by Defendant, included, but is not limited to, internal control processes, payment procedures, and sensitive employee and vendor information used in interstate commerce.

56. FirstEnergy's proprietary and confidential information, which was knowingly and improperly acquired by Defendant, has independent economic value and is not generally available, nor ascertainable through proper means, by other persons who can obtain economic value from its disclosure or use.

57. Moreover, FirstEnergy has taken reasonable measures and substantial efforts to protect its trade secrets and keep its confidential information secret.

58. Some or all of FirstEnergy's proprietary and confidential information constitutes a valuable and protectable trade secret as the term is defined in U.S.C. §1839(3).

59. Defendant was privy to FirstEnergy's proprietary and confidential information solely through his employment with Clearsulting.

60. Defendant knowingly and by improper means acquired FirstEnergy's proprietary and confidential information for his own unauthorized use.

61. Defendant's misappropriation of FirstEnergy's proprietary and confidential information was willful, malicious, and in bad faith.

62. FirstEnergy has been and will be irreparably and immediately harmed if Defendant continues to misappropriate FirstEnergy's proprietary and confidential information.

63. FirstEnergy's potential and actual damages include but are not limited to the loss of business opportunities and reputation, potential lost revenue, diminished goodwill among FirstEnergy's employees, vendors, and potential purchasers of FirstEnergy's products and services, attorneys' fees and costs, and other losses arising from Defendant's misappropriation not otherwise specified herein.

64. Under 18 U.S.C. §§ 1836(b)(3)(A)–(D), FirstEnergy is entitled to injunctive relief, as well as compensatory, double damages and attorneys' fees, in amounts to be determined at trial.

## COUNT V:
## MISAPPROPRIATION OF TRADE SECRETS
### UNDER OHIO REVISED CODE § 1333.61 (OHIO UNIFORM TRADE SECRET ACT)
(By Plaintiff FirstEnergy Corp.)

65. Plaintiff FirstEnergy hereby re-alleges and incorporates by reference each of the above Paragraphs of this Complaint as if fully set forth herein.

66. While employed by Clearsulting, Defendant had access to and was entrusted with FirstEnergy's proprietary and confidential information, including but not limited to, internal control processes, payment procedures, and sensitive employee and vendor financial information.

67. FirstEnergy's proprietary and confidential information downloaded by Defendant is not generally known to FirstEnergy's competitors and is information that a reasonable business owner would not want a competitor to know.

11

68. Plaintiff FirstEnergy invested substantial time and economic resources into the development of its proprietary and confidential information.

69. Some or all of FirstEnergy's proprietary and confidential information constitutes a valuable and protectable trade secret under common law and O.R.C. § 1333.61 *et seq.*

70. FirstEnergy took substantial efforts to protect its trade secrets.

71. At all times, Defendant understood that FirstEnergy's proprietary and confidential information was the property of FirstEnergy.

72. Defendant was privy to FirstEnergy's proprietary and confidential information solely through his employment with Clearsulting.

73. Upon information and belief, Defendant wrongfully misappropriated and converted FirstEnergy's proprietary and confidential information for his own unauthorized use in contravention of common law in Ohio and R.C. 1333.61 *et seq*.

74. Defendant's misappropriation of FirstEnergy's proprietary and confidential information was willful and malicious.

75. FirstEnergy has been and will be irreparably and immediately harmed if Defendant continues to misappropriate FirstEnergy's proprietary and confidential information.

76. FirstEnergy's potential and actual damages include but are not limited to the loss of business opportunities and reputation, potential lost revenue, diminished goodwill among FirstEnergy's employees, vendors, and potential purchasers of FirstEnergy's products and services, attorneys' fees and costs, and other losses arising from Defendant's misappropriation not otherwise specified herein.

77. Under O.R.C. §§ 1333.62, 1333.63 and §1333.64, FirstEnergy is entitled to injunctive relief, as well as compensatory, treble damages and attorneys' fees, in amounts to be determined at trial.

## COUNT VI:
## DECLARATORY JUDGMENT
(By Plaintiff FirstEnergy Corp. and Clearsulting LLC)

78. Plaintiffs FirstEnergy and Clearsulting hereby re-allege and incorporate by reference each of the above Paragraph of this Complaint as if fully set forth herein.

79. Pursuant to 28 U.S.C. § 2201(a), this Court has the authority to declare the affirmative rights, negative rights, status, and other legal relations of the Parties, whether or not further relief could be claimed.

80. A justiciable controversy has arisen between Plaintiffs and Defendant regarding the availability of 18 U.S.C. § 1833(b)(1) as an affirmative defense to FirstEnergy's claim for misappropriation of trade secrets and Clearsulting's claim for breach of contract. Defendant's attorney has raised this defense in correspondence with Clearsulting, but declined a request that he provide details that might support the assertion of that defense. Accordingly, Plaintiffs dispute the availability of this defense.

81. Upon information and belief, Defendant relies on 18 U.S.C. § 1833(b)(1) to maintain that he is not liable for his unauthorized download, use, and disclosure of FirstEnergy's proprietary and confidential information.

82. The Parties' respective positions are in direct conflict and otherwise irreconcilable.

83. A judgment or decree of this Court will terminate the uncertainty and controversy giving rise to this cause of action in which declaratory relief is sought.

84. No other adequate or speedy remedy exists for the resolution of the aforementioned controversy.

85. Therefore, under 28 U.S.C. § 2201(a), Plaintiffs are entitled to an order declaring that Defendant's reliance on 18 U.S.C. § 1833(b)(1) lacks merit and is unavailable to Defendant.

WHEREFORE, Plaintiffs FirstEnergy Corp. and Clearsulting LLC demand the following relief:

A. A temporary restraining order and preliminary and permanent injunctions prohibiting the further use or disclosure by Pircio of FirstEnergy's trade secret, proprietary, and confidential information and the return of all copies of such information in his possession;

B. A declaration invalidating Pircio's contention that he is entitled to an affirmative defense under 18 U.S.C. § 1833(b)(1) to Plaintiffs' claims for misappropriation of trade secrets and breach of contract;

C. An award of all damages, losses, attorney fees, and costs recoverable at law;

D. Judgment in favor of FirstEnergy and Clearsulting on all counts asserted.

E. All such other relief available at law or equity to Plaintiffs.

Date: September 1, 2020

Respectfully submitted,

*s/ Gregory J. Phillips*
GREGORY J. PHILLIPS (0077601)
ADDISAH SHERWOOD (0084399)
JOHN N. DAGON (0098128)
**BENESCH, FRIEDLANDER, COPLAN &
 ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114-2378
Telephone: 216.363.4500
Facsimile: 216.363.4588
Email: gphillips@beneschlaw.com
 asherwood@beneschlaw.com
 jdagon@beneschlaw.com

14

*Attorneys for Plaintiff FirstEnergy Corp.*

*s/ Stephen M. Bales*
STEPHEN M. BALES (0003380)
BRIAN F. KAMPMAN (0092386)
**ZIEGLER METZGER LLP**
1111 Superior Avenue, Suite 1000
Cleveland, OH  44114
(216) 781-5470 | (216) 781-0714 (Fax)
sbales@zieglermetzger.com
bkampman@zieglermetzger.com

*Attorneys for  Plaintiff Clearsulting, LLC*

## JURY DEMAND

Plaintiffs hereby demand a trial by a jury on all issues so triable herein.

/s/ *Gregory J. Phillips*
Attorney for Plaintiff FirstEnergy Corp.

/s/ *Stephen M. Bales*
Attorney for Plaintiff Clearsulting LLC