UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FIRST ENERGY CORP., *et al.*, | ) | Case No. 1:20-cv-1966 |
| | ) | |
| Plaintiffs and | ) | Judge J. Philip Calabrese |
| Counterclaim Defendants, | ) | |
| | ) | Magistrate Judge |
| v. | ) | Jonathan D. Greenberg |
| | ) | |
| MICHAEL PIRCIO, | ) | |
| | ) | |
| Defendant and | ) | |
| Counterclaim Plaintiff. | ) | |
| | ) | |

## ORDER

Defendant/Counterclaimant Michael Pircio filed a document styled "Notice of Dismissal of Counterclaims against FirstEnergy Corp." (ECF No. 27.) Mr. Pircio seeks to dismiss his counterclaims against FirstEnergy Corp. only, but proceed with his counterclaims against Clearsulting LLC. For the reasons below, the Court construes the notice as a motion under Rule 21, **GRANTS** that motion, and **DISMISSES** the counterclaims against FirstEnergy Corp. without prejudice.

## BACKGROUND

On September 1, 2020, FirstEnergy Corp. and Clearsulting LLC filed this lawsuit against Michael Pircio. (*See generally* ECF No. 1.) On October 19, 2020, Mr. Pircio answered and filed counterclaims against FirstEnergy and Clearsulting. (*See generally* ECF No. 14.) Mr. Pircio filed what he characterizes as a dismissal pursuant to "Federal Civil Rule 41(a)(1)(A)(ii)." (*See* ECF No. 27.) In his notice, Mr. Pircio seeks a "dismissal of his Counterclaim against FirstEnergy Corp. only,

with his Counterclaims against Plaintiff Clearsulting LLC to remain pending." (*Id.*, PageID #330.)

## DISCUSSION

This voluntary dismissal does not work under Rule 41 as filed. By way of background, Rule 41(a)(1) addresses two discrete scenarios: subpart (A)(i) concerns dismissals before an opposing party answers or otherwise responds to the complaint; and subpart (A)(ii) addresses stipulated dismissals signed by all parties who have appeared. *See* Fed. R. Civ. P. 41(a)(1)(A)(i)–(ii). This case does not involve the first scenario, and Mr. Pircio's notice is not a stipulation signed by all parties.

Sixth Circuit precedent holds that Rule 41 can only be used to dismiss entire *actions;* accordingly, it cannot be used to dismiss fewer than all parties or all claims. "Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim': the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed cause of action." *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) (quotation omitted). To dismiss fewer than all claims or parties from an action falls to Rule 21. *See id.*; *see also Sheet Metal Workers' Nat'l Pension Fund Bd. of Trustees v. Courtad, Inc.*, No. 5:12-cv-7238, 2013 WL 3893556, at *4 (N.D. Ohio July 26, 2013) (citing *Taylor*, 286 F.2d at 785) ("A plaintiff seeking to dismiss only one defendant from an action must move the Court to do so under Rule 21."). Accordingly, the Court construes Mr. Pircio's notice of dismissal as a motion under Rule 21.

Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against any

2

party." Fed. R. Civ. P. 21. Unless the parties state otherwise, dropping a party under Rule 21 means that party is dropped without prejudice. *See Michaels Bldg. Co. v. Ameritrust Co. N.A.*, 848 F.2d 674, 682 (6th Cir. 1988). Similarly, unless stated otherwise, severing a claim under Rule 21 means the claim is severed without prejudice. *See, e.g.*, *Alford v. Mohr*, No. 2:19-cv-1497, 2019 WL 1876776, at *1–2 (S.D. Ohio Apr. 26, 2019) (severing and dropping certain claims and defendants without prejudice), *adopting Report & Recommendation*, 2019 WL 3000964 (S.D. Ohio July 10, 2019). Here, Mr. Pircio does not state whether dismissal would be with or without prejudice. (ECF No. 27, PageID #330.)

Typically, the remaining parties should have an opportunity to respond before the Court rules on a motion under Rule 21. At least one court in this Circuit has observed that one reason to require parties to comply with Rule 21 is because "dropping less than the entirety of an action . . . risks prejudice to the other parties." *United States ex. rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 465 (E.D. Ky. 2018) (quoting *EQT Gathering, LLC, v. A Tract of Prop. Situated in Knott Cnty.*, No. 12-58-ART, 2012 WL 3644968, at *3 (E.D. Ky. Aug. 24, 2012)).

This issue need not detain the Court. Mr. Pircio asserts the same two causes of action against each defendant. But his counterclaims relate to his employment with Clearsulting, and there is no dispute that Mr. Pircio was not an employee of FirstEnergy. On the facts presented, the Court concludes there will be no prejudice to any of the parties, so it can and does rule on the motion now.

## CONCLUSION

For the foregoing reasons, the Court construes Mr. Pircio's Notice (ECF No. 27) as a motion to drop FirstEnergy Corp. under Rule 21. Accordingly, the Court **GRANTS** that motion and **DISMISSES** the counterclaims against FirstEnergy Corp. **WITHOUT PREJUDICE**. All parties to bear their own costs.

**SO ORDERED.**

Dated: February 16, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio