IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **FIRSTENERGY CORP. and CLEARSULTING LLC,**<br><br>Plaintiffs,<br><br>v.<br><br>**MICHAEL PIRCIO,**<br><br>Defendant. | Case No. 1:20-cv-01966<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge<br>Jonathan D. Greenberg |

**FIRSTENERGY CORP.'S MOTION FOR LEAVE TO FILE
DOCUMENTS UNDER SEAL AND COMBINED MEMORANDUM IN SUPPORT**

**I.    INTRODUCTION**

Pursuant to Local Rule 5.2 and Standing Order on Civil Procedures Number 5, FirstEnergy Corp. ("FirstEnergy") respectfully moves this Court for an Order authorizing FirstEnergy to file documents under seal. On Monday, March 22, FirstEnergy will file its Response, with accompanying exhibits, to the Court's Order to Show Cause. (ECF No. 31, March 8, 2021). The Court issued that Order on March 8, requesting an explanation of how the filing of two documents that had the effect of publicly identifying Mr. Pircio as a potential whistleblower complied with Federal Rule of Civil Procedure 11. (*Id.*) FirstEnergy is not opposed to filing its Response and exhibits publicly. But given the Court's stated concerns and given that the Response includes sensitive information surrounding Mr. Pircio's actions, FirstEnergy seeks to allow the Court and Mr. Pircio an opportunity to review the filings under seal before they are made available on the public docket. For these reasons and those explained below, FirstEnergy requests that the Court grant FirstEnergy leave to file its Response and accompanying exhibits under seal.

1

**II.     LAW & ARGUMENT**

There is "a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). Movants can overcome that presumption, however, by showing: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Grp.*, 825 F.3d at 305). All three requirements are satisfied here.

***First***, given the sensitive context of the Response, there is a compelling interest to allow the Court and Mr. Pircio an opportunity to first examine FirstEnergy's Response before it is placed on the public docket. The Court is concerned about two letters filed publicly that disclosed Mr. Pircio as a potential whistleblower. (ECF No. 31, PageID# 374 (citing ECF Nos. 10-1 and 1-3)). And FirstEnergy's Response will disclose further sensitive information surrounding Mr. Pircio's actions and the documents he took. Given this, both parties have an interest in allowing for a review of the Response under seal before it is filed on the public docket.

***Second***, temporarily sealing the documents to allow for review outweighs the public's interest in immediately accessing the filings. The right of the public "to inspect and copy judicial records is not absolute." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474 (6th Cir. 1983) (quoting *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978)). And whether and when judicial records should be sealed is left to the sound discretion of the district court. *Id.* Here, this Court has already noted its concern surrounding other publicly filed documents. (ECF No. 31). In light of the Court's stated concern, an opportunity for review of the documents under seal outweighs the public's immediate need to access the documents.

***Third***, FirstEnergy is not requesting that the documents be sealed indefinitely.  Instead, FirstEnergy's request is narrowly tailored in time.  *See Abington Emerson Cap., LLC v. Landash Corp.*, No. 2:17-CV-143, 2020 WL 3496148, at *3 (S.D. Ohio June 29, 2020) (allowing documents to remain off the public docket for ten days to allow for further review to determine a more narrowly-tailored approach).  Indeed, FirstEnergy is not opposed to filing its Response and exhibits publicly, if the Court deems it appropriate.

### III.  CONCLUSION

For these reasons, FirstEnergy respectfully requests that the Court grant it leave to file its Response and supporting exhibits under seal.

March 19, 2021

Respectfully submitted,

*/s/ Michael R. Gladman*
Michael R. Gladman (0059797)
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio  43215
Telephone:  (614) 469-3939
mrgladman@jonesday.com

Ryan A. Doringo (0091144)
JONES DAY
901 Lakeside Ave.
Cleveland, OH 44114-1190
Telephone: (216) 586-3939
radoringo@jonesday.com

*Counsel for Plaintiff FirstEnergy Corp.*