# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| FIRSTENERGY CORP., *et al*., ) | CASE NO. 1:20-CV-01966 |
| ) | |
| Plaintiffs, ) | JUDGE J. PHILIP CALABRESE |
| vs. ) | |
| ) | |
| MICHAEL PIRCIO, ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT MICHAEL PIRCIO'S MEMORANDUM IN OPPOSITION TO THE MOTIONS OF FIRSTENERGY CORP. AND CLEARSULTING LLC TO FILE DOCUMENTS UNDER SEAL

Defendant Michael Pircio ("Pircio"), by and through counsel and pursuant to Federal Rule 7.1(d) of the Local Rules for the Northern District of Ohio, submits his Memorandum In Opposition to the motions filed by each Plaintiff FirstEnergy Corp. ("FirstEnergy") and Plaintiff Clearsulting LLC ("Clearsulting") requesting leave to file documents under seal.

The Order To Show Cause issued on March 8, 2021 (the "Order"), requires each Plaintiff to 1) explain how and why they have not violated Fed. Civ. R. 11(b)(1) and (3), and 2) "identify[] by name and title the person who authorized the filing of each document identified above for FirstEnergy and Clearsulting . . . ."  Predictably, Plaintiffs filed their Motion For Leave To File Under Seal their responses to the Order, seeking to hide from public view information and documents that Plaintiffs intend to submit to the Court that Plaintiffs claim would be "embarrassing" or "sensitive" to Defendant Pircio.

1

On March 19, 2021, Defendant's counsel requested a conference with Plaintiffs' counsel to try to understand how and why the information they intend to file with their response on March 22, 2021, should be filed under seal so that Defendant could determine whether to oppose Plaintiffs' motion. Counsel held that call on March 20th, but Plaintiffs' counsel were resolute that they were not going to disclose or explain anything to Pircio's counsel, other than to say that it was about his employment history and personal information that may be "embarrassing" or "sensitive" to him.

The Order seeks information as to the conduct *by Plaintiffs*, not Pircio. So that begs the question as to how and why Plaintiffs' responses will be directed to "sensitive information surrounding Mr. Pircio's actions," as FirstEnergy asserts in its motion. FirstEnergy states that the basis for its motion that its "Response includes sensitive information surrounding Mr. Pircio's actions." Clearsulting says in its motion that it intends to disclose Pircio's employment records and other documents that contain confidential information that merit permanent protection under seal.

For Plaintiffs to raise Mr. Pircio's employment history or other personal information as a basis for filing the Complaint and attaching the McKnight letters is at best a misdirection, or at worst a new rationalization for FirstEnergy and Clearsulting to continue to harass and humiliate Mr. Pircio. Further, all of Plaintiffs' claims – including those recently dismissed by the Court – relate to Pircio's alleged **post-termination conduct**. Any information related to Pircio's performance as an employee is by definition irrelevant to any response to the Order. The information that each Plaintiff describes as a basis for filing under seal is not responsive to the Court's Order and appears to be a continuation of Plaintiffs' efforts to retaliate against Mr.

Pircio, embarrass and harass him, and further their campaign against him due to his whistleblower activities.

After Plaintiffs filed the Motion to Seal, Defendant's counsel reached out to Plaintiffs' counsel to meet and confer about how damaging information about Pircio could possibly be relevant to the Order. Without further information from Plaintiffs' counsel as to what they intend to disclose, but to prevent Plaintiffs from publishing defamatory, private, and potentially personal and/or embarrassing information about Mr. Pircio, Defendant does not object to Plaintiffs filing under seal the purportedly personal or sensitive information about Mr. Pircio that Plaintiffs feel compelled to provide to the Court.

Defendant objects, however, to Plaintiffs filing under seal the response to the Court's second part of the Order To Show Cause: the identification of the person(s) "who authorized the filing" of the letters from Defendant's counsel, Vincent McKnight.

After Clearsulting and FirstEnergy outed Pircio as a federal whistleblower as a way to retaliate against him, they now want keep secret the identity of the person(s) who authorized the filing of the McKnight letters with Plaintiffs' Complaint and the Stipulated Injunction. Stated another way, after Plaintiffs ruined the career of a young professional by publicly exposing him as a whistleblower, they now ask the Court to protect the privacy of their own executives and/or lawyers. That outcome hardly seems fair under the circumstances. The identification of the name and title of the person(s) who authorized the filing of the referenced documents should not be filed under seal.

3

## CONCLUSION

For these reasons, Defendant requests that the Court grant, in part, Plaintiff's Motion For Leave to File Under Seal, but deny the Motion as it relates to the identification of the individuals identified in the Order to Show Cause.

Dated: March 21, 2021

Respectfully submitted,

/s/ Laura A. Hauser
Laura A. Hauser (0041354)
HAUSER LAW LLC
3713 Longwood Court
Cleveland Heights, OH 44118
216.536.8810
Laura@HauserLawLLC.com

/s/ Marc E. Dann
Marc E. Dann (0039425)
Brian D. Flick (0081605)
DannLaw
P.O. Box 6031040
Cleveland, OH 44103
(216) 373-0539
Notices@dannlaw.com
mdann@dannlaw.com
*Attorneys for Defendant Michael Pircio*

## CERTIFICATE OF SERVICE

I hereby certify that on March 21, 2021, a copy of the foregoing was filed using the Court's CM/ECF electronic filing system to effectuate service on all counsel of record.

/s/ Laura A. Hauser
Laura A. Hauser (0041354)
*Attorney for Defendant Michael Pircio*

4