UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FIRSTENERGY CORP., *et al.*, | ) | Case No. 1:20-cv-1966 |
| | ) | |
| Plaintiffs and Counterclaim Defendants, | ) ) | Judge J. Philip Calabrese |
| | ) | Magistrate Judge |
| v. | ) | Jonathan D. Greenberg |
| | ) | |
| MICHAEL PIRCIO, | ) | |
| | ) | |
| Defendant and Counterclaimant. | ) ) | |
| | ) | |

# **ORDER**

Before the Court is Plaintiff FirstEnergy Corp.'s motion for leave to file under seal. (ECF No. 33.) In that motion, FirstEnergy requests leave to file under seal its response to the Court's March 8, 2021 Order. (*Id.*, PageID #377.) The other Plaintiff in this litigation, Clearsulting LLC, moved to join FirstEnergy's motion, requesting it too also be permitted to file its response to the Court's order under seal. (ECF No. 34.)

Plaintiff represents that its impending response and supporting exhibits "will disclose further sensitive information" about the whistleblower, and that he and the Court should be afforded an opportunity to review those documents before they become part of the public docket. (*Id.*, PageID #378.) FirstEnergy also notes it is not requesting a permanent seal, but one that is narrowly tailored to achieve the limited purpose of allowing the Court and Mr. Pircio time to review the documents and determine whether sealing is warranted. For its part, Clearsulting believes

FirstEnergy's filing "should properly remain under seal permanently in this matter," especially given that the case was dismissed, but seeks a "temporary" seal in the interim. (ECF No. 34, PageID #381.) Mr. Pircio opposes in part the motions, arguing the information Plaintiffs are now attempting to file under seal is "not responsive to" the Court's Order and are attempts to "relitigate" their claims. (ECF No. 35, PageID #384.) Mr. Pircio maintains Plaintiffs should be allowed to file under seal, but to protect him, not "persons who authorized the filing of letters from" Mr. Pircio's counsel. (*Id.*, PageID #385 (cleaned up).)

Under the Sixth Circuit's holding in *Shane Group v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305–09 (6th Cir. 2016), and its progeny, to be granted leave to file under seal, the party seeking the seal—FirstEnergy anticipates Mr. Pircio will—must analyze the filings proposed to be sealed "on a document-by-document, line-by-line basis" with "reasons and legal citations" to support its proposed redactions.

Therefore, the Court **GRANTS** both FirstEnergy's motion (ECF No. 33) and Clearsulting's motion (ECF No. 34). The seal is provisional. When each party files its brief today in response to the Court's Order, it shall file as an exhibit a document with proposed redactions for a public filing. When Mr. Pircio files a response to Plaintiffs' submissions, the Court **DIRECTS** him to review the filings, determine if any documents warrant redaction or seal under *Shane Group* and, if he so believes, incorporate discussion as to why into his any response he files to the Court's previous Order. If he determines seal is warranted, counsel for Mr. Pircio must provide

"reasons and legal citations" to support each proposed seal or redaction. If he chooses not to address this issue, or determines no redactions or seal are warranted, the Court will proceed to review the materials at issue in both FirstEnergy's and Clearsulting's responses, memoranda, and exhibits according to the governing standards and make an appropriate determination whether any sealing or redaction is appropriate.

**SO ORDERED.**

Dated: March 22, 2021

　　　　　　　　　　　　　　　　J. Philip Calabrese
　　　　　　　　　　　　　　　　United States District Judge
　　　　　　　　　　　　　　　　Northern District of Ohio