# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| FIRSTENERGY CORP., *et al.*, | ) | Case No. 1:20-cv-1966 |
| | ) | |
|    Plaintiffs and Counterclaim Defendants, | ) ) | Judge J. Philip Calabrese |
| | ) | Magistrate Judge |
| v. | ) ) | Jonathan D. Greenberg |
| | ) | |
| MICHAEL PIRCIO, | ) ) | |
|    Defendant and Counterclaimant. | ) ) ) | |

## ORDER

On March 22, 2021, the Court provisionally granted Plaintiffs' motions to seal and directed each party to file as an exhibit a document proposing redactions for a public filing. (ECF No. 36, PageID #388.) The Court now takes up the matter of what, if anything in the parties' submissions regarding the Order to Show Cause should be filed under seal.

Clearsulting proposes that several of the documents in the record be released publicly with no redactions. (ECF No. 37-8, PageID #563.) Clearsulting does not object to the permanent sealing of two exhibits attached to their response to the Court's order to show cause—Exhibit 2 and Exhibit 3 to its submission—because they contain confidential employment and personal information of Mr. Pircio. Exhibit 2 also contains certain Clearsulting trade secrets. For its part, FirstEnergy does not propose to seal any portion of its response or accompanying exhibits to the Court's order to show cause. (ECF No. 38-13, PageID #648.) Nor does FirstEnergy oppose

the sealing of any records in this matter. Mr. Pircio agrees with Clearsulting that Exhibit 2 and Exhibit 3 attached to Clearsulting's submission should be permanently sealed because they contain confidential employment and personal information. (ECF No. 39, PageID #650.) In addition, Mr. Pircio publicly filed his response to Plaintiffs' submissions in response to the Court's Order to Show Cause with redactions. (ECF No. 40.)

## LEGAL STANDARD

A district court's decision to seal court records is reviewed for an abuse of discretion. *Klingenberg v. Federal Home Loan Mortg. Co.*, 658 F. App'x 202, 207 (6th Cir. 2016) (citing *Shane Grp. Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 306 (6th Cir. 2016)). But in the sealing context, "the district court's decision is not accorded the deference that standard normally brings." *Id.* To avoid abusing its discretion, the Sixth Circuit requires a district court faced with a question of sealing to "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 825 F.3d at 306 (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176 (6th Cir. 1983)).

This independent obligation exists regardless of any agreement or disagreement among the parties about sealing the records at issue. *See Rudd Equip. Co v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016). Taking up this independent obligation, district courts must weigh the interest of the parties, on the one hand, to keep information confidential, and on the other, the public's strong interest in "obtaining the information contained in the court record." *Shane*

*Grp.*, 825 F.3d at 305 (citation and quotation omitted). "The courts have long recognized . . . 'a strong presumption in favor of openness' to court records." *Id.* (quoting *Brown & Williamson*, 701 F.2d at 1179).

Overcoming this burden is "a heavy one: 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Id.* (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). The greater the public interest, the greater the burden to justify seal. *See id.* In civil litigation, the most common categories of information that overcome this burden include "trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and information required by statute to remain in confidence (such as the name of a minor victim of a sexual assault)." *Id.* at 308.

To demonstrate sealing is necessary, the party seeking confidentiality must "analyze, in detail, document by document, the propriety of secrecy, providing reasons and legal citations" that support seal. *Id.* at 305–06 (citation and quotation omitted). Therefore, it is incumbent on the Court to review each document and the legal rationales the parties offer, and "set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176).

## ANALYSIS

With these principles in mind, the Court turns to the documents at issue in this case. With respect to Exhibit 2 (ECF No. 37-2), the Court finds that the document contains specific, confidential information about Mr. Pircio's employment with

3

Clearsulting that is normally confidential, even within an organization; trade secrets of Clearsulting relating to Mr. Pircio's employment; and allegations against Mr. Pircio regarding his employment and performance with Clearsulting—all of which are of minimal value to the public and have little bearing on resolution of the underlying issues in the litigation between the parties. Additionally, this material implicates the privacy interests of a non-party. Similarly, with respect to Exhibit 3 (ECF No. 37-3), the Court finds that the declaration of counsel incorporates and references much of the information contained in Exhibit 2 and that any non-confidential portions are intertwined with those involving the confidential parts such that redactions are difficult if not impossible and would offer little, if any, benefit to the public if made.

Trade secrets generally overcome the presumption in favor of access to court records. *Shane Grp.*, 825 F.3d at 308. So too may the sort of employment information at issue, particularly in circumstances such as these where the use of more limited redactions presents practical problems, including that the identities of individuals referenced would be easily discerned. *See, e.g.*, *Garner v. Anthem Cos., Inc.*, No. 3:19-CV-900-CHB-CHL, 2020 WL 3240559, at *3 (W.D. Ky. June 15, 2020) (recognizing compelling interest but declining to order a seal that was not narrowly tailored).

Balancing the interest of the public in access to documents filed with the Court and those of the parties in non-disclosure of the limited information at issue, and doing so on a document-by-document basis, the Court finds that the merits of redacting and sealing the limited number of documents at issue, comprising a small

4

subset of those in this case overall, outweigh the public's interest, if any, in making public the sensitive and private information regarding Clearsulting's trade secrets, the employment-related information of Mr. Pircio, and the information relating to the non-party. Therefore, the Court will seal those two documents (Exhibit 2 and Exhibit 3 to Clearsulting's submission), permit redaction of the limited information in Mr. Pircio's response to Plaintiffs' submissions relating to those two documents (ECF No. 40), and otherwise unseal the parties' recent submissions.

## CONCLUSION

For the foregoing reasons, the Court finds that the interest in sealing the two exhibits Clearsulting submitted in response to the Court's Order to Show Cause outweighs the public's interest in accessing the records. Therefore, the Court orders that Exhibit 2 (ECF No. 37-2) and Exhibit 3 (ECF No. 37-3) be permanently sealed. Further, the Court finds that Mr. Pircio appropriately filed his position on the Court's Order to Show Cause (ECF No. 40) with limited redactions and orders that document to remain publicly available as filed. The Court orders that the remaining documents at issue filed at ECF No. 37 and ECF No. 38 be unsealed.

**SO ORDERED.**

Dated: April 13, 2021

J. Philip Calabrese
United States District Judge
Northern District of Ohio